JANUARY, 1883, No. 356.                    MAY 22, 1883.

## Zentmyer's Appeal.

1. Unsolicited payment of the principal, together with interest and ordinary costs, upon a judgment entered upon a note due and containing an agreement to pay attorney's commissions, will not prevent the plaintiff's recovery of commissions from the defendant where a demand for the interest had previously been made upon him and had not been complied with.
2. Under a contract by a debtor to pay to his creditor attorney's commissions for collection of the debt, the Court should fix the compensation, if any, proper to be paid.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. ; CLARK, J., absent.

Appeal of John Zentmyer from a decree of the Common Pleas of *Huntingdon County*, discharging a rule to open a judgment.

Judgment was entered December 28, 1878, upon a note of John Zentmyer in favor of Maggie V. Zentmyer for $3,144 14, dated September 1, 1878, payable one day after date, and containing the following clause : "And I hereby authorize any attorney of any Court of Record to confess judgment against me therefor, with costs of suit, release of errors, and with five per cent. additional for attorney's commission."

It was entered by D. Caldwell, Esquire, a member of the Huntingdon county bar, at the request of the plaintiff, Mrs. Zentmyer, for $3,301 34, including debt, interest, and attorney's commissions of five per cent.

No demand was made at any time for the payment of any portion of the principal debt, but interest was asked for several times, and was not paid. The note remained in the hands of Mr. Caldwell, and he was instructed by the husband and agent of the plaintiff below to collect it. On April 30, 1881, the defendant below called upon Mr. Caldwell, and paid him $3,672, receiving his receipt for that amount " on account of the above-stated judgment," made up as follows :

| | | |
|---|---:|---:|
| Debt, . . . . . . . . . . . . . . . | $3,144 14 | |
| Interest, . . . . . . . . . . . . . | 503 06 | |
| | | $3,647 20 |
| Atty and paid, . . . . . . . . . | $4 25 | |
| Pro. wms., . . . . . . . . . . . | 35 | |
| Add, . . . . . . . . . . . . . . . | 20 20 | |
| | | 24 80 |
| | | $3,672 00 |

Mr. Caldwell refused to receipt in full, claiming in addition to debt, interest, and record costs, $157 20, five per cent. commission as attorney's fee for collecting.

Mrs. Zentmyer was notified the same day by the defendant's attorneys of his resolution not to pay the attorney's commissions demanded, and they required her to satisfy the judgment of record. On July 8, 1881, plaintiff issued a *fieri facias* on her judgment, subject to a credit of $3,672.

On July 11, 1881, the defendant presented a petition praying the Court to stay the *fi. fa.*, open the judgment, and award an issue to determine whether the said judgment was not paid. The Court awarded a rule to show

cause, under which depositions were taken upon both sides.

February 19, 1883, the Court below, DEAN, P. J., discharged the rule, and filed the following opinion :

"The law applicable to these facts seems to me to be this : The five per cent. stipulation was one of indemnity to plaintiff against payment of attorney's fees in and about the securing and collection of the debt and interest. It is payable solely to the plaintiff. It does not belong to his attorney, does not conclude the attorney as to the amount of compensation he may claim from his client. The rate fixed in the contract is not conclusive on defendant. More cannot be claimed from him than that stipulated. When material facts are in dispute, perhaps a jury should intervene to determine them ; where they are not in dispute, or are clearly established as in this case, it is the duty of the Court to determine what amount the plaintiff can reasonably demand as attorney's commissions.

"The amount ordinarily allowed as commissions on sums no larger than this is five per cent. for collection. But no part of the sum here paid, except the interest, was collected. As to the interest, demand had been made, and defendant neglecting. to pay, the attorney was instructed to collect it. It was afterwards paid to the attorney. Plaintiff might reasonably claim he was entitled to five per cent. on the interest thus collected. Plaintiff can further reasonably claim attorney's commissions for properly entering the confession of judgment, and seeing that it was properly indexed on the lien docket. The defendant went voluntarily to the attorney of record for the plaintiff, and paid to him the amount of debt, interest, and costs, which the attorney receipted ; this imposed upon the attorney the duty of ascertaining the amount, receipting the docket, and carefully transmitting the money to his client in Clearfield county, and the attorney can for this reasonably claim attorney's commissions. If the defendant had paid the amount directly to the plaintiff, such charge would not be reasonable, but he chose, doubtless for his own convenience, to pay to the attorney in Huntingdon rather than to the plaintiff in Clearfield county, thus furnishing the basis for a charge for compensation against his client by plaintiff's attorney. But, in view of the facts, a charge of five per cent. on the whole amount for all the services rendered is unreasonable. The professional knowledge, vigilance, and responsibility required in the collection of such an amount was

not here demanded, and defendant should not be called upon to pay for it. I am of opinion that two and a half per cent. would be a reasonable allowance to plaintiff under the contract for attorney's commissions.

Thus, amount of debt and interest paid 30th
April, 1881, . . . . . . . . . . . . . . . . $3,647 00

| | |
|---|---|
| Two and a half per cent. on this amount, . . | $91 17 |
| Deduct amount already paid, . . . . . . . . | 20 00 |

Leaves, . . . . . . . . . . . . . . . . . . $71 17

For this sum $71 17 we direct the judgment shall stand in favor of plaintiff and against defendant, and she shall have right to issue execution therefor against defendant if not paid within twenty days. As to the remainder of judgment in excess of this amount, it is ordered that it be marked satisfied.''

The defendant thereupon took this appeal, assigning for error, *inter alia*, the entering of the above decree and the refusal to open the judgment and award an issue.

*R. M. Speer* and *E. S. McMurtrie* for appellant.

We contend that no charge for collection beyond the $20 paid by John Zentmyer having been paid or incurred by the appellee, the attempt here is, under the cloak of commissions, to recover usurious interest, and appellant is not liable therefor. The payment of the principal sum, at least, was entirely voluntary, and, under the circumstances, should prevent the recovery of the commissions claimed : Imler *v.* Imler, 13 Norris, 372 ; Lewis *v.* Germania Savings Bank, 15 Norris, 86.

The allowance of commissions on the interest was error ; the record shows that the plaintiff's claim was for five per cent. upon the principal of the note, $3,144 14.

*D. Caldwell* and *R. B. Petrikin* for the appellee.

The only issue in the case was whether the plaintiff was entitled to recover the commissions, $157 20, which defendant had stipulated to pay, less the sum of $20 00 already paid. The Court committed no error in refusing to award an issue and fixing itself the amount of commissions to be allowed under the defendant's contract : Daly *v.* Maitland, 7 Norris, 387.

The allowance of commissions on $3,647 was proper, as that was the amount collected.

OCTOBER 1, 1883.—PER CURIAM : The only question

[Evans *et al. v.* Owens.]

here relates to the liability of the appellant to pay attorney's commissions. He agreed to pay them. The evidence shows he failed to pay the interest on the judgment, although several times requested so to do. The attorney was therefore instructed to collect. He rendered services therein. It was held in Daly. *v.* Maitland, 7 Norris, 387, that the Court should fix the compensation proper to be paid. In this case, the Court fixed it at two and a half per cent. Under all the evidence, we see no cause for disturbing the conclusion at which the Court arrived. The appellant presents no just cause of complaint with the decree.

Decree affirmed and appeal dismissed at the costs of the appellant.